UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J ROBLEDO,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>Defendant | Case No. 20-cv-09134-WHO<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Anthony Robledo alleges that his Eighth Amendment rights were violated by officials at San Quentin State Prison ("SQSP") and California Institute for Men ("CIM"), executives at the California Department of Corrections and Rehabilitation ("CDCR"), and a court-appointed federal receiver. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Robledo names more than a dozen defendants without tying each defendant to a wrongful act. Robledo also pleads unrelated claims, which is impermissible. He will be given leave to amend to correct these deficiencies.

**LEGAL STANDARD**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1  from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

2  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3  A "complaint must contain sufficient factual matter, accepted as true, to 'state a

4  claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

5  (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

6  plausibility when the plaintiff pleads factual content that allows the court to draw the

7  reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

8  *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal

9  conclusions cast in the form of factual allegations if those conclusions cannot reasonably

10  be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55

11  (9th Cir. 1994).

12  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

13  elements: (1) that a right secured by the Constitution or laws of the United States was

14  violated, and (2) that the alleged violation was committed by a person acting under the

15  color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

16  **DISCUSSION**

17  Robledo alleges that officials at SQSP and CIM, executives at CDCR, and the

18  federal receiver were all deliberately indifferent to his serious medical needs. (*See*

19  *generally*, Dkt. No. 1 ("Complaint").) Specifically, Robledo names the following

20  defendants:

21  • Executives at CDCR: Kathleen Allison, Director; Ralph Diaz, Secretary;

22  Ron Davis, Associate Director of Reception Centers; Dr. R. Steven Tharratt,

23  Director of CDCR Medical Services; Dr. Joseph Bick, Director of California

24  Corrections Healthcare Services;

25  • At SQSP: Ron Broomfield, Acting Warden; Dr. A. Pachynski, Chief Medical

26  Officer; Clarence Cryer, Healthcare Chief Executive Director; J. Arnold,

27  Captain; M. Bloise, Lieutenant; B. Maub, Lieutenant; B. Dutton, Sergeant;

28  N. Avila, Associate Warden; K. France, Sergeant; T. R. Teixeira, Lieutenant;

1

2 • At CIM: Dean Borders, Warden; Dr. L. Escobell, Chief Medical Officer;

3 • Clark Kelso, the Federal Receiver appointed by the *Plata/Coleman* court;

4 and

5 • Gavin Newsom, Governor of the State of California.

6 Robledo alleges that in March 2020 officials at SQSP failed to provide free tests for

7 Covid-19 and adequate personal protective equipment ("PPE") to all staff and inmates (*see*

8 *id.* at 19); that in May 2020 defendants transferred inmates from CIM to SQSP without

9 adequate testing, which resulted in an outbreak of Covid-19 at SQSP (*see id*. at 8); that

10 defendants ignored warnings from local health officials and did not re-test or isolate the

11 CIM inmates after the transfer (*see id*. at 16); and that Robledo experienced and continues

12 to experience symptoms of Covid-19 following these events (*see id*. at 9). Robledo also

13 challenges the removal of toilets from the prison yard for one year (*id*. at 7-8); a lack of

14 outdoor exercise for a period of time before August 2020, and insufficient exercise of "90

15 minutes daily" thereafter (*id*. at 9, 21); the "effective[] stop[page]" of medical and dental

16 care (*id*. at 10); the lack of breakfast on a specific day (id*. at 22); the lack of a hose to

17 clean the shower area (*id*. at 7); and the fact that implementing social distancing rules

18 made shower lines longer (*id*. at 17). Robledo seeks compensation for his injuries, and an

19 "injunction ordering [SQSP to] attend to 'all' of plaintiff's medical and dental concerns."

20 (*Id*. at 23.)

21 As to Robledo's request for injunctive relief, this request is plainly unrelated to the

22 gravamen of this action. Robledo does not connect the need for dental care to officials'

23 actions regarding Covid-19, nor does he allege that prison officials failed to provide him

24 with medical care. (*See generally*, Complaint.) Indeed, Robledo does not even name any

25 defendants who were directly involved in his medical care. (*See id*.) Robledo may not

26 bring unrelated claims in one suit. Federal pleading rules require that claims be based on

27 "the same transaction, occurrence, or series of transactions or occurrences" and pose a

28 "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). *See also*

3

1   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different

2   defendants belong in different suits, and prisoners must pay the required filing fees under

3   the PRLA). For the same reason, Robledo cannot in this lawsuit bring his claims regarding

4   toilets, showers, outdoor exercise, and the lack of breakfast on a single day.

5   Robledo also has failed to tie every defendant to a wrongful act. For example, he

6   does not allege that defendants Arnold, Bloise, Maub, Dutton, Avila, France, Teixeira, or

7   Newsom took any actions which harmed Robledo. If he chooses to amend his claims,

8   Robledo must identify the wrongs committed by these defendants.

9   Robledo's allegations regarding the transfer of inmates from CIM to SQSP are a

10   different matter, and likely state a cognizable claim for violation of the Eighth

11   Amendment. On amendment, Robledo is encouraged to focus his efforts on perfecting his

12   cognizable claims. For example, Robledo's allegations that defendants "surely" or

13   "obviously" knew of the risks of transferring inmates, or "should have been right on top of

14   this" (*id*. at 9) are too conclusory to establish that any of the defendants had the requisite

15   mental state. Instead, in addition to tying each and every defendant to a wrongful act,

16   Robledo should explain how each defendant had the required mental state of deliberate

17   indifference. Neither negligence nor gross negligence is actionable under § 1983 in the

18   prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v.*

19   *Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state

20   claim for denial of medical needs to prisoner). An accident or evaluative mistake does not

21   reach the required mental state. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

22   Robledo is reminded that in a § 1983 action a state official can only be liable for his

23   or her own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). Under no

24   circumstances can a supervisor or superior be liable under § 1983 solely because he or she

25   is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045

26   (9th Cir. 1989).

27                                              **CONCLUSION**

28   The complaint is DISMISSED with leave to file an amended complaint on or before

**July 16, 2021**.  The amended complaint must include the caption and civil case number

used in this order (20-9134 WHO (PR)) and the words FIRST AMENDED COMPLAINT

on the first page.  The amended complaint must also appear on this Court's form.  Because

an amended complaint completely replaces the previous complaints, plaintiff must include

in his first amended complaint all the claims he wishes to present and all of the defendants

he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may

not incorporate material from the prior complaint by reference.

      Failure to file an amended complaint in accordance with all these instructions may

result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to

prosecute.

      **IT IS SO ORDERED.**

**Dated:**  May 18, 2021



WILLIAM H. ORRICK
United States District Judge